**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

INTERSCOPE RECORDS, a California general
partnership; CAPITOL RECORDS, INC., a
Delaware corporation; MOTOWN RECORD
COMPANY, L.P., a California limited partnership;
ELEKTRA ENTERTAINMENT GROUP INC., a
Delaware corporation; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; WARNER BROS. RECORDS INC., a
Delaware corporation; and UMG RECORDINGS,
INC., a Delaware corporation,

        Plaintiffs,

v.

MARYANN KIMMEL,

        Defendant.

**[PROPOSED] JUDGMENT AND**
**PERMANENT INJUNCTION**
**BASED ON STIPULATION**

Civil Action No.:  05-CV-OO94
TJM/DRH



U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
APR 25 2005
AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

      The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

      IT IS ORDERED AND ADJUDGED THAT:

      1.     Plaintiffs have alleged that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501.  Without admitting or denying liability, Defendant has not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

      2.     Defendant shall pay to Plaintiffs in settlement of this action the sum of $3000.00.

3.     Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $200.00.

4.     Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

a)     using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

b)     causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded

recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

5.      Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

6.      Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7.      Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction.

8.      Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

9.      The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

DATED: ___4/22/05___

By: _____
Hon. Thomas J. McAvoy
United States District Judge